UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03851-SK<br><br>**ORDER REGARDING MOTIONS TO DISMISS**<br><br>Regarding Docket Nos. 10, 10-1 |

This matter comes before the Court upon consideration of the motions to dismiss filed by Defendants California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Health Care Services, M. Creamer-Todd, M. Grewal, T. Selby, and R. Robinson and joined by California Correctional Health Care Services ("CCHCS") (collectively referred to as "Defendants"). The Court finds the motion suitable for disposition without oral argument and thus VACATES the hearing scheduled for February 3, 2020. *See* N.D. Civ. L.R. 7-1(b). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS Defendants' motion to dismiss for the reasons set forth below.[1]

## BACKGROUND

On March 23, 2018, Plaintiff was brought to Wasco State Prison for a mental health appointment with Grewal. (Dkt. No. 1, ¶¶ 15-17.) Plaintiff told Grewal about the litigation he had filed against state and county employees. (*Id*., ¶ 18.) Plaintiff wanted a mental health diagnosis to present to the court. (*Id*.) Grewal became agitated about Plaintiff's request and statements. (*Id*., ¶

---

[1] The Court GRANTS Defendants' request for judicial notice ("RJN") pursuant to Federal Rule of Evidence 201.

19.)

Plaintiff was placed in a cell with the inmate population. (*Id*., ¶ 20.) Hours later, two correctional officers removed Plaintiff from the cell. (*Id*., ¶ 21.) One of the correctional officers laughed and stated to Plaintiff: "You'll get your property . . . eventually." (*Id*., ¶ 23.) Correctional officers escorted Plaintiff to his new housing at Wasco State Prison and threatened him. (*Id*., ¶¶ 24, 25, 28.) The correctional officers told Plaintiff: "You got a problem!" and "This is the last time you're gonna see my face right!?" (*Id*., ¶ 26.)

Wasco State Prison is a 23-hour lockdown facility. (*Id*., ¶ 28.) Plaintiff, who was a minimum custody, A1A inmate, was placed in a level 3-4 housing module at Wasco State Prison. (*Id*., ¶ 29.) Because Plaintiff was denied his legal property at Wasco, he could not prove that he was not a sex offender, which placed him in danger. (*Id*., ¶ 30.)

On April 2, 2018, the United States District Court allowed Plaintiff's lawsuit against Contra Costa County and many of its court officers to proceed. (*Id*., ¶ 31.) On April 3, 2018, the Superior Court of Contra Costa County changed Plaintiff's release date without Plaintiff's knowledge from May 20, 2018 to January 15, 2019. (*Id*., ¶¶ 32, 33.)

On April 26, 2018, Plaintiff informed CDCR staff that his C-File was conflicting and that it was impossible for his earliest possible release date to be correct. (*Id*., ¶ 34.)

On April 30, 2018, Plaintiff was instructed by a "CDCR pysch doctor" to drop his lawsuits. (*Id*., ¶ 35.)

On May 1, 2018, Plaintiff was forced to give up his minimum custody status. (*Id*., ¶ 36.)

On June 25, 2018, Plaintiff was transferred back to Correctional Training Facility prison. (*Id*., ¶ 37.)

On June 26, 2018, Plaintiff attended a classification committee meeting at the Correctional Training Facility prison. (*Id*., ¶ 38.) Creamer, Robinson, Selby, and additional unknown staff were at the committee meeting. (*Id*., ¶ 39.) Plaintiff was recoded as P by the committee. (*Id*., ¶ 40.) After the committee decided how he should be classified, Plaintiff demanded that the committee address an error in his C-file relating to his release date. (*Id*., ¶ 42.) The committee members became agitated, refused to address the issue, and kicked Plaintiff out of the hearing.

1  (*Id.*, ¶¶ 43-45.)

2  On July 12, 2018, Plaintiff received some, but not all of his property. (*Id.*, ¶ 46.)

3  Plaintiff brings claims for federal claims pursuant to 42 U.S.C. § 1983 for retaliation under the First Amendment, denial of due process, and cruel and unusual punishment, as well as a state law claim for "negligence, intentional injuries, & malice, fraud, and oppression."

**ANALYSIS**

**A. Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).

3

However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.     Eleventh Amendment Immunity – CDCR and CCHCS.**

The Eleventh Amendment bars suits seeking damages against the State, including an "arm of the state" such as a state agent or agency. *See, e.g., Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). Because CDCR and CCHCS are state agencies, they are entitled to Eleventh Amendment immunity from suit. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR entitled to Eleventh Amendment immunity); *Valdez v. Warden of PVSP*, 2017 WL 3705306, at *3 (E.D. Cal. Aug. 28, 2017) (CCHCS entitled to Eleventh Amendment immunity). Further, the State cannot be construed as a person for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[2] "[O]nly those governmental entities which are 'persons' within the meaning of § 1983 can be held liable under § 1983." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1442-43 (9th Cir. 1989). CDCR and CCHCS, as state agencies, are not "persons" within the meaning of § 1983. *Id.* at 1443. Thus, the Court GRANTS the motion to dismiss Plaintiff's claims against CDCR and CCHCS under § 1983 and DISMISSES those claims WITH PREJUDICE.

---

[2] Title 42 U.S.C. § 1983 provides, in relevant part, that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party." 42 U.S.C. § 1983 (emphasis added).

4

## C. Prisons as Defendants.

Plaintiff names the Correctional Training Facility and Wasco State Prison as defendants. However, as prisons, they are merely physical buildings incapable of being sued. *See*, *e.g.*, *Wilson v. Pelican Bay State Prison*, 2018 WL 5850213, at *2 (N.D. Cal. Nov. 6, 2018) (dismissing Pelican Bay State Prison because it "is simply a building, not a government entity"); *Ritesman v. Great Falls Reg'l Prison*, 2018 WL 6839750, at *2 (D. Mont. Dec. 7, 2018) ("The prison is merely a building that cannot be sued."). Therefore, the Court GRANTS the motion to dismiss claims against the Correctional Training Facility and Wasco State Prison and DISMISSES all claims against those entities WITH PREJUDICE.

## D. Severance and Dismissal of Wasco State Prison Related Claims.

Plaintiff alleges events which occurred at Wasco State Prison involving Grewal and events which occurred at the Correctional Training Facility involving Creamer, Selby, and Robinson. Defendants seek to sever the claims arising out of events at different facilities concerning different individual defendants. A plaintiff may properly join as many claims as he or she has against an opposing party. *See* Fed. R. Civ. P. 18(a). "Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints." *See Frost v. Ducart*, 2018 WL 3304644, at *2 (N.D. Cal. July 5, 2018) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants)). A plaintiff may join defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and also if there is a "question of law or fact common to" the defendants. Fed. R. Civ. P. 20(a).

Here, the majority of Plaintiff's factual allegations concern events which occurred at Wasco State Prison. Plaintiff's allegations regarding Creamer, Selby, and Robinson at the Correctional Training Facility only relate to Plaintiff's attendance at classification committee meeting and Creamer, Robinson, and Selby's alleged failure to address an error in Plaintiff's C-file relating to his release date. (Dkt. No. 1, ¶¶ 38-45.) These facts are distinct from Plaintiff's

allegations against Grewal and the doe correctional officers relating to Grewal's reaction to discovering that Plaintiff had litigation pending against state and county employees and their alleged retaliation at Wasco State Prison – placing him in a cell with the inmate population, threatening Plaintiff, taking his property, and placing Plaintiff in a level 3-4 housing module. (*Id.*, ¶¶ 15-30.) Therefore, the Court finds that Plaintiff improperly joined his claims against Creamer, Selby, and Robinson with his claims against Grewal and the Doe correctional officers.

"If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. Rule 21). The Court must conduct a prejudice analysis, including whether any of Plaintiff's claims would be barred by statutes of limitations, before selecting dismissal over severance for misjoined parties. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015). The statute of limitations for a § 1983 claim filed in California is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Plaintiff's earliest allegation against Grewal and the doe correctional officers occurred on March 23, 2018, fewer than two years ago. Additionally, Plaintiff's incarceration when the events alleged occurred may toll the statute of limitations. *See* Cal. Civ. Proc. Code §§ 352.1, 357. Therefore, none of Plaintiff's claims would be time-barred by the dismissal of Grewal and the Doe correctional officer defendants who were joined improperly with his claims against Creamer, Robinson, and Selby. Additionally, the Eastern District of California, rather than the Northern District of California, is the proper venue for Plaintiff's claims arising out of events which occurred at Wasco State Prison, located in Kern County, California. (Dkt. No. 10-1 (RJN), Ex. D.) The Court also notes that this litigation is still in the early stages. *Stephen v. Williams*, 2016 WL 5339798, at *3 (N.D. Cal. Sept. 23, 2016) (finding that lack of prejudice where action had not progressed beyond pleading stage). Accordingly, Plaintiff will not be prejudiced if his claims against Grewal and the Doe correctional officers are dismissed.

Therefore, the Court GRANTS Defendants' motion to sever and dismiss Plaintiff's claims against Grewal and the Doe correctional officer defendants arising out of events at Wasco State Prison. This Order is without prejudice to Plaintiff filing a new complaint against these

6

defendants in the Eastern District of California.[3]

**E.  Federal Claims Against Creamer, Selby, and Robinson.**

Plaintiff brings claims under 42 U.S.C. § 1983 against Creamer, Selby, and Robinson for their alleged failure to address the error in Plaintiff's C file at the classification committee meeting and for ejecting Plaintiff from the classification committee meeting. The Court will address each of Plaintiff's federal claims against Creamer, Selby, and Robinson in turn.

**1.  Retaliation.**

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Although it is not expressly referred to in the Constitution, retaliation is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a First Amendment retaliation claim within the prison context, a plaintiff must allege the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's allegations against Creamer, Selby, and Robinson, if true, fail to demonstrate these five elements.

Plaintiff alleges that after Creamer, Selby, and Robinson re-coded Plaintiff and finished their assessment, they refused to address the separate issue of the error in Plaintiff's C-file and "kicked [him] out" of the meeting. (Dkt. No. 1, ¶¶ 38-45.) Notably, Plaintiff does not allege that Creamer, Selby, and Robinson ejected him from the meeting or that they failed to address the error in his C-file "because of" any protected First Amendment conduct. Additionally, Plaintiff fails to allege how their conduct chilled his exercise of his First Amendment Rights. Accordingly, the

---

[3] Because the Court is dismissing Plaintiff's claims against Grewal and the Doe correctional officers as improperly joined, the Court will not address Defendant's motion regarding the merits of Plaintiff's claims against them.

7

Court GRANTS Defendants' motion as to Plaintiff's retaliation claim against Creamer, Selby, and Robinson.

### 2. Due Process.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property" without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

The analysis for a procedural due process claim "proceeds in two steps: [courts] first ask whether there exists a liberty or property interest of which a person has been deprived, and if so [they] ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

Here, it is not clear what liberty or property interest of which Plaintiff alleges Creamer, Selby, and Robinson deprived him. Nor is it clear what procedures Plaintiff alleges that alleges Creamer, Selby, and Robinson were required, but failed, to follow. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's due process claim against Creamer, Selby, and Robinson.

### 3. Cruel and Unusual Punishment.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See*

8

*Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

To state a claim for a violation of the Eighth Amendment for cruel and unusual punishment against prison officials, a plaintiff must allege: (1) a deprivation that is objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind, *i.e.* "deliberate indifference." *Farmer*, 511 U.S. at 834. Here, Plaintiff fails to allege facts to support either prong. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's cruel and unusual punishment claim against Creamer, Selby, and Robinson.

### 4. Leave to Amend.

The Court will provide Plaintiff with leave to amend to state a claim for retaliation, due process, and/or cruel and unusual punishment against Creamer, Selby, and Robinson in accordance with this Order. However, the Court notes that even if Plaintiff is able to allege facts sufficient to show each element of these claims, he will also need to allege facts sufficient to overcome qualified immunity.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *City & Cnty. of S.F. v. Sheehan*, 135 S.Ct. 1765, 1774 (2015) (internal quotation marks and brackets omitted). To determine whether officials are entitled to qualified immunity, the Court must consider: (1) "whether the facts that a plaintiff has alleged...or shown...make out a violation of a constitutional right;" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier*, 533 U.S. at 201). Qualified immunity applies unless the answer to both questions is "yes." *Id.* Because

9

1 Plaintiff has failed to allege a violation of a constitutional right, the Court need not address

2 whether he alleged whether the right violated was clearly established. However, if Plaintiff elects

3 to file an amended complaint, he must allege both a constitutional violation of a right *and* that the

4 right was clearly established.

### F.  Plaintiff's State-Law Claim.

Plaintiff brings a state-law claim against Creamer, Selby, and Robinson for "Negligence, Intentional Injuries, & Malice, Fraud, And Oppression." Defendants argue that Plaintiff's state-law claim is barred by the California Tort Claims Act. ("CTCA").

Under the CTCA, set forth in California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the he or she first presents the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acts on the claim or the time for doing so expires. *Wade v. CA Dep't of Corr. & Rehab.*, 2018 WL 3241006, at *8 (N.D. Cal. July 3, 2018) "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal. App. 4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974) (citations omitted).

If the Board rejects the claim, a plaintiff has six months to file a lawsuit in court. Cal. Gov. Code § 945.6(a)(1). "The six month period set forth in Section 945.6(a)(1) is mandatory and strict compliance is required." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1044 (E.D. Cal. 2010); *see also Julian v. City of San Diego*, 183 Cal. App. 3d 169, 176 (1986) ("Failure to commence an action within the prescribed period constitutes a valid ground for dismissal, absent waiver, estoppel or a tolling period.")

Here, Plaintiff failed to plead, as required, that he first filed his claim with the Board, as the CTCA requires. Additionally, as demonstrated by the documents from which the Court takes judicial notice, Plaintiff submitted a claim form in September 2018. (Dkt. No. 10-1 (RJN), Ex. A.) In a letter dated and mailed on October 3, 2018, Plaintiff's claim was rejected. (*Id.*, Ex. B.)

Plaintiff did not file this lawsuit until July 3, 2019, more than six months later. Therefore, his state-law claims are time-barred. Plaintiff, in his opposition, does not contest the timing of his notice or argue that his compliance should be excused. Instead, he seems to argue that his administrative remedy did not provide him with any relief. Therefore, the Court dismisses his state-law claim for failure to comply with the six-month filing deadline of the CTCA.

The Court will provide Plaintiff with leave to amend if he can, in good faith, allege facts demonstrating that waiver, estoppel or a tolling period applies to this six-month deadline. Additionally, if Plaintiff elects to file an amended complaint with such facts, he should also take care to explain what state-law claims he asserts against Creamer, Selby, and Robinson and what facts support each claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants motion to dismiss. The Court DISMISSES WITH PREJUDICE all claims against CDCR, CCHS, the Correctional Training Facility and Wasco State Prison.

The Court SEVERS and DISMISSES Plaintiff's claims against Grewal and the Doe correctional officer defendants arising out of events at Wasco State Prison without prejudice, as Plaintiff may file a new complaint against these defendants in the Eastern District of California.

The Court FURTHER DISMISSES WITHOUT PREJUDICE Plaintiff's claims against Creamer, Selby, and Robinson. Plaintiff shall file his amended complaint against those defendants, if any, by no later than February 28, 2020.

**IT IS SO ORDERED**.

Dated: January 30, 2020

_____
SALLIE KIM
United States Magistrate Judge